UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronnie Hemphill,<br><br>                Plaintiff,<br><br>vs.<br><br>Officer Cramer;<br>Officer Lewis;<br>Officer Brevard;[1]<br>Sergeants, and<br>Medical Staff,<br><br>                Defendants. | C/A No. 5:16-cv-00104-TLW-KDW<br><br><br>REPORT AND RECOMMENDATION |

      This is a civil action filed pro se by a local detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual Background

      Ronnie Hemphill ("Plaintiff") is currently detained at the Greenville County Detention Center ("GCDC"). In the Complaint now under review, Plaintiff alleges that Defendant Cramer does not allow him to have one hour of outside recreation each day. He does not assert any injuries from the lack of outside recreation. Plaintiff further asserts that his constitutional rights are being violated by Defendant Lewis because the law library at GCDC is not adequate to allow detainees "to read up on their cases." Compl. 3, ECF No. 1. Plaintiff also alleges that a medical condition with his eyes has not been corrected by GCDC medical staff or an unnamed "outside eye doctor" despite his using prescribed eye

---

[1] Plaintiff's Complaint lists this defendant as "'Bernard'/Sargent)." For purposes of this Report and Recommendation, the court refers to this defendant as "Bernard/Brevard."

drops as directed. *Id*. Plaintiff further alleges that GCDC medical and sergeant staff members did not adequately treat him for a fall that he experienced. *Id*. at 4-5. Finally, Plaintiff alleges that Defendant Bernard/Brevard "had something to do with" the loss of some of Plaintiff's personal property. *Id*. at 5. He asks for an investigation into the operations of GCDC and for $20,000.00 in damages for "pain and suffering, mental stress from being sick all this time and still sick . . . ." *Id*. at 7.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Initially, regarding his medical-related claims, Plaintiff names only "Sergeants, Greenville Jail" and "Medical Staff (G.H.S. Doctors), Greenville Jail" as Defendants, but he does not provide the names of any of the individual doctors who treated him or the individual nurses or sergeants who were involved in the treatment or lack of treatment for his medical conditions. Using collective terminology such as "staff" or "sergeants" without naming the individual people who comprise the staff or sergeants is insufficient to name a proper defendant in a civil action under 42 U.S.C. § 1983 such as this one.[2] To state a plausible claim for relief under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, the court and several other courts have held that use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Riley v. McMahon*, No. 5:14-CT-3243-D, 2015 WL 3465777, at *5 (W.D.N.C. June 1, 2015) ("Medical department" does not name a person); *Jones v. Al Cannon Detention Cen.*, No. 5:14-cv-04083-TLW, 2014 WL 6666728, at **2-3 (Nov. 21, 2014) (detention

---

[2] Plaintiff's claims for damages and injunctive relief allegedly arising from the conditions of his confinement within a South Carolina county detention center are properly considered by this court under its federal question jurisdiction pursuant to § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badges of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

center and its "medical department" are not persons); *Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008) ("medical staff" does not identify a person). Accordingly, Plaintiff fails to state any plausible medical-related claims because he fails to name a person who might be liable to him under § 1983 based on their involvement in his medical care, and the Complaint is subject to summary dismissal as to Defendants Sergeants and Medical Staff.

Furthermore, Plaintiff fails to state plausible § 1983 claims against Defendant Cramer for the alleged denial of outside recreation or against Defendant Lewis for an inadequate law library because he does not allege that he has suffered any physical injury from lack of recreation or any actual injury from the lack of a law library. With respect to Plaintiff's allegations about the lack of outside recreation and lack of law library to which he is subjected while confined in GCDC, the United States Supreme Court explained in *Farmer v. Brennan*, 511 U.S. 825 (1994), that a prison official violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees)[3] *only* when two requirements are met: (i) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,'" and (ii) the prison official must have a 'sufficiently culpable state of mind,'" *i.e.*, "'deliberate indifference' to inmate health or safety." *Id*. at 834 (citations omitted). The Court further determined that its standard for "deliberate indifference" would be "subjective recklessness as used in the criminal law." *Id*. at 839-40. "In short, the Court concluded that a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Forbes v. Edgar*, 112 F.3d

---

[3] While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees—such as Plaintiff—humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d at 495; *see also Chisolm v. Cannon*, No. 4:02-3473-RBH, 2006 WL 361375 (D. S.C. Feb. 15, 2006). For this reason, the standards discussed in *Farmer v. Brennan* are equally applicable in Plaintiff's case.

262, 266 (7th Cir. 1997) (citing *Farmer*, 511 U.S. at 847); *see also Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (applying Eighth Amendment analysis in a conditions-of-confinement case filed by a state pre-trial detainee).

Regarding the objective prong of the *Farmer v. Brennan* analysis, it has been held that denial of outside recreation alone is not "sufficiently serious" to establish a constitutional violation. *See Durdick v. Byars*, No. 3:11-cv-2979-CMC, 2012 WL 5306263, at *5 (Sept. 28, 2012) (citing *Chavis v. Fairman,* 51 F.3d 275, 1995 WL 156599 (7th Cir. 1995) ("generally, even dramatic restrictions on outside exercise do not violate the Eighth Amendment (or due process, where pretrial detainees are at issue) so long as prisoners have ample opportunity to enjoy indoor activity"); *Curtis v. Fairman,* No. 95 C 5538, 1997 WL 159319 (N.D. Ill. Mar. 24, 1997) (detainee in segregation who was denied out-of-cell recreation for a 29-day period failed to state a claim when he did not assert that he was unable to exercise within the confines of his cell or that his health was threatened by the denial of recreation)), *report and recommendation adopted,* No. 3:11-cv-2979-CMC-JRM, 2012 WL 5305352 (D.S.C. Oct. 26, 2012). Also, the lack of a law library, standing alone, has also been found not to violate a pre-trial detainee's constitutional rights. *See Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987); *Cruz v. Hauck*, 515 F.2d 322, 331-33 (5th Cir. 1975).

Although "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (citations omitted). The United States Supreme Court has cautioned the federal courts that they "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Id.* at 482; *see O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987) (courts should not "substitute [their] judgment . . . on difficult and sensitive matters of institutional administration . . . for the determinations of those charged with the formidable task of running a

prison."). In this case, Plaintiff alleges no conduct on either Defendant Cramer's or Defendant Lewis' part that approaches "deliberate indifference"; he sets forth no facts showing that he faces "a substantial risk of serious harm" from either the lack of outside recreation or the lack of a law library. As a result, the allegations contained in the Complaint, liberally construed, are inadequate to state a viable § 1983 cause of action for compensatory damages arising from the conditions under which Plaintiff is confined in Greenville County. *See* 42 U.S.C. § 1997e (e) (No Federal civil action for compensatory damages may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.). Thus, the Complaint is subject to summary dismissal as to Defendants Cramer and Lewis.

Finally, Plaintiff fails to state a plausible § 1983 claim against Defendant Brevard/Bernard based on his allegations that Brevard/Bernard had something to do with the loss of some of Plaintiff's personal property because any claim for personal property lost at GCDC should be brought in state court. Plaintiff's claim about the alleged possible loss of his personal property is not properly before this federal court as a constitutional due-process claim pursuant to § 1983 because Plaintiff has an adequate state-court remedy for such personal property issues under the South Carolina Torts Claim Act ("SCTA"). *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg*, 519 F.3d 216, 230-31 (4th Cir. 2008). The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a Plaintiff with a viable post-deprivation remedy for the loss of personal property—even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986).[4] This holding applies regardless of

---

[4] *Yates* has been partially overruled for cases where Plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *Plumer v. Maryland*, 915 F.2d 927, 929-32 & nn.2-5 (4th Cir. 1990); *see also Zinermon v. Burch*, 494 U.S. 113 (1990). Nevertheless, the holding in *Yates* is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

whether the inmate's property loss was the result of negligence or an intentional act of the state employee or employees. *Hudson v. Palmer*, 468 U.S. at 533 (extending the holding of *Parratt v. Taylor*, 451 U.S. 527 (1981), to intentional deprivations of property); *see also Bogart v. Chapell*, 396 F.3d 548, 557 n.7, 561 (4th Cir. 2005) (South Carolina has meaningful post-deprivation remedies of "conversion/trespass to chattels" for personal property loss caused by county employees). Under South Carolina law, Plaintiff's claims relating to lost or destroyed personal property are cognizable under the SCTCA. *See* S.C. Code Ann. §§ 15-78-10 through 15-78-220. The provisions of the SCTA encompass both negligent and intentional losses of property proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision of the state while acting within the scope of his or her employment. *See* S.C. Code § 15-78-70(a) ("This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity."). Accordingly, Plaintiff's claims relating to his personal property are cognizable under the SCTA because Defendant Brevard/Bernard's activities as an employee of GCDC are covered by the SCTCA. *See* S.C. Code Ann. § 15-78-30(h) (the SCTCA includes "counties" in the definition of a "political subdivision"). Plaintiff can file a verified claim of his alleged personal property loss with GCDC under the Act. S.C. Code § 15-78-80(a)(1) ("A verified claim for damages under this chapter, setting forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained may be filed . . . with the agency employing an employee whose alleged act or omission gave rise to the claim . . . ."). But, he cannot sue in this federal court for the allegedly lost property. In absence of any other potential basis for the exercise of federal jurisdiction evident from the face of the Complaint, Plaintiff's Complaint should be summarily dismissed without service on any Defendant.

7

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

April 25, 2016                                                                    Kaymani D. West
Florence, South Carolina                                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).